**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
# 22-20269-CR-SCOLA/GOODMAN
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 553(a)(1)
18 U.S.C. § 554(a)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(5)(B)

FILED BY _____KAN_____ D.C.

**Jun 21, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

**CARLOS ORLANDO LEDESMA,**
**NADIA ESPERANZA LEDESMA,**
**OSMANI VALDIVIA PEREZ,**
**and**
**ROBERTO MARRERO-CISNEROS,**

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

### Exports from the United States

1.      The United States receives and maintains electronic information relating to exports of goods from the United States.  The electronic portal is called the Automated Export System (AES).  It is maintained by the U.S. Census Bureau, an agency within the U.S. Department of Commerce, and by the U.S. Customs and Border Protection, an agency within the U.S. Department of Homeland Security.

2. The Census Bureau requires the filing of electronic export information (EEI) through the AES. The EEI is filed by entering data into AES via a computer. The EEI is also known as the shipper's export declaration (SED).

3. The EEI includes the date of export, the U.S. principal party of interest, the description of the commodity to be exported, the value, the consignee's name and address, and the country of destination.

4. Exporters, shippers, and freight forwarders are required to file an EEI for every export of goods or technology from the United States that has a value greater than $2,500.

5. Each filing can be identified by a unique Internal Transaction Number (ITN).

6. In addition to the EEI, each outbound shipment is accompanied by an invoice or bill of sale, which identifies the seller in the United States, the buyer in the foreign country, the item being sold, and the price.

7. These requirements strengthen the United States' ability to identify, and when necessary, confiscate illegal shipments prior to exportation.

## Outboard engines

8. Vessels can be powered by different types of engines, such as outboard engines, which are mounted outside a vessel's hull. Outboard engines vary in cost, size, horsepower, and other features. Manufacturers assign letters and numbers to each outboard engine model. This includes the horsepower (hp), such as 300, 200, and 150.

9. Each outboard engine is identified with a unique serial number.

## The freight forwarding company

10.     Company 1 was a Florida corporation incorporated in or around January 2006. Company 1 offered services as a freight forwarder. It maintained a warehouse and business office in Miami, Florida.

## The defendants

11.     Defendant **CARLOS ORLANDO LEDESMA** was a resident of Miami-Dade County, Florida. He was the warehouse manager of Company 1.

12.     Defendant **NADIA ESPERANZA LEDESMA** was a resident of Miami-Dade County, Florida. She was the President of Company 1.

13.     Defendant **OSMANI VALDIVIA PEREZ** was a resident of Lee County, Florida.

14.     Defendant **ROBERTO MARRERO-CISNEROS** was a resident of Miami-Dade County, Florida.

## COUNT 1
### Conspiracy to Export Stolen Vessel Parts
### and to Smuggle Goods from the United States
### (18 U.S.C. § 371)

1.     Paragraphs 1 through 14 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least in or around April 2015, through in or around June 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS ORLANDO LEDESMA,**
**NADIA ESPERANZA LEDESMA,**
**OSMANI VALDIVIA PEREZ,**
**and**
**ROBERTO MARERRO-CISNEROS,**

3

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit any offense against the United States of America, that is:

    a.    to export vessel parts, that is, outboard engines, knowing the same to be stolen, in violation of Title 18, United States Code, Section 553(a)(1);

    b.    to fraudulently and knowingly export and send from the United States any merchandise, article and object, that is, outboard engines, contrary to any law and regulation of the United States, that is, Title 13, United States Code, Section 305, in violation of Title 18, United States Code, Section 554(a).

<b><u>PURPOSE OF THE CONSPIRACY</u></b>

3.    It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves and others by knowingly exporting outboard engines and parts that had been stolen, and by submitting false export information to the United States.

<b><u>MANNER AND MEANS OF THE CONSPIRACY</u></b>

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.    **CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, OSMANI VALDIVIA PEREZ, ROBERTO MARRERRO-CISNEROS** and their co-conspirators communicated with each other and others, in the United States and Mexico, with regard to exporting stolen outboard engines and parts from Miami, Florida to Mexico.

5.    **CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA,** and another co-conspirator received at Company 1 stolen outboard engines and other vessel parts from **OSMANI VALDIVIA PEREZ** and other co-conspirators.

6. **NADIA ESPERANZA LEDESMA, CARLOS ORLANDO LEDESMA** and their co-conspirators caused false and fraudulent bills of sale and invoices to be created and used which purported to document the sale of outboard engines and parts to others in Mexico.

7. **NADIA ESPERANZA LEDESMA, CARLOS ORLANDO LEDESMA** and their co-conspirators falsely and fraudulently represented in the bills of sale and invoices that the outboard engines had been sold at certain prices when in fact those prices were fictitious and fraudulently created by the co-conspirators.

8. **ROBERTO MARERRO-CISNEROS** created false serial number stickers to be placed on the outboard engines delivered to Company 1 to conceal that the engines were stolen.

9. **CARLOS ORLANDO LEDESMA** and his co-conspirators drained fluids from the outboard engines to create the appearance that the engines were acquired legitimately and to prepare the engines for export to Mexico.

10. **CARLOS ORLANDO LEDESMA** and his co-conspirators packaged the outboard engines for export via air cargo and other means of transportation.

11. **NADIA ESPERANZA LEDESMA** and another co-conspirator made the arrangements for the outboard engines and parts to be transported from the United States to Mexico.

12. **OSMANI VALDIVIA PEREZ** paid cash for the freight export charges for outboard engines that he delivered to Company 1 as well as for the charges for outboard engines delivered to Company 1 by other co-conspirators.

13. **NADIA ESPERANZA LEDESMA** and her co-conspirators caused EEI to be submitted to the United States based on fraudulent bills of sale and invoices.

**OVERT ACTS**

In furtherance of the conspiracy and to achieve the purpose and objects thereof, the defendants and their co-conspirators committed and caused to be committed in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about June 26, 2017, in Miami, Florida, **CARLOS ORLANDO LEDESMA** received at Company 1 three outboard engines which were exported to Mexico with false serial number stickers.

2. On or about June 27, 2017, in Miami, Florida, **OSMANI VALDIVIA PEREZ** delivered to Company 1 one outboard engine which was exported to Mexico with a false serial number sticker.

3. On or about September 2, 2017, in Miami, Florida, **ROBERTO MARRERO-CISNEROS** created four false serial number stickers which were placed on outboard engines exported to Mexico.

4. On or about April 16, 2018, in Miami, Florida, **NADIA ESPERANZA LEDESMA** sent emails to Mexico, stating that she was the point of contact for Company 1 and attaching photos of false serial number stickers on outboard engines which were exported to Mexico.

5. On or about May 1, 2018, in Miami, Florida, **CARLOS ORLANDO LEDESMA**, using a forklift, unloaded two outboard engines, which had false serial number stickers.

6. On or about June 15, 2018, in Miami, Florida, **NADIA ESPERANZA LEDESMA** signed an Air Waybill to export three stolen outboard engines to Mexico via a flight scheduled for June 18, 2018.

6

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-5
### Exporting Stolen Vessel Parts
### (18 U.S.C. § 553(a)(1))

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, the defendants did knowingly export vessel parts, knowing the same to have been stolen, as described below:

| Count | Approximate Date | Defendants | Vessel Parts |
|---|---|---|---|
| 2 | June 22, 2017 | **CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, and OSMANI VALDIVIA PEREZ** | Outboard engines, bearing numbers: F175XB 6P3-X-1002997 F175XB 6P3-X-1005789 T60TER 6C6-L-1018779 F150XA 63P-X-1140558 T60TER 6C6-L-1017894 |
| 3 | June 28, 2017 | **CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, and OSMANI VALDIVIA PEREZ** | Outboard engines, bearing numbers: F250XB 6AL-X-1002609 F300XCA 6CE-X-1014211 F300XCA 6CE-X-1018558 F150XA 63P-L-1057915 F115TLRD 68V-L-1040588 |
| 4 | September 18, 2017 | **CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, and ROBERTO MARRERO-CISNEROS** | Outboard engines, bearing numbers: F150XA 63P-X-1140634 F150XA 63P-X-1140635 LF300XCA 6CF-X-1007384 F300XCA 6CE-X-1014598 |
| 5 | May 5, 2018 | **CARLOS ORLANDO LEDESMA and NADIA ESPERANZA LEDESMA** | Outboard engines, bearing numbers: F200XB 6DC-X-1042648 F115XA 68V-X-1042447 F50LB 6C1-L-1051128 F300NCA 6CE-N-1045182 F90XA 61P-X-1055884 F115XA 68V-X-1042248 |

7

In violation of Title 18, United States Code, Sections 553(a)(1) and 2.

## COUNT 6
### Attempting to Export Stolen Vessel Parts
### (18 U.S.C. § 553(a)(1))

On or about June 15, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**CARLOS ORLANDO LEDESMA**
**and**
**NADIA ESPERANZA LEDESMA,**

did knowingly attempt to export vessel parts, that is, three outboard engines, bearing numbers

LF150XB 64P X 1021235, 1F60453LZ 1C478289, DF150AP 15003P-710549, knowing the same

to have been stolen, in violation of Title 18, United States Code, Sections 553(a)(1) and 2.

## COUNTS 7 to 10
### Smuggling Goods from the United States
### (18 U.S.C. § 554(a))

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern

District of Florida, the defendants did fraudulently and knowingly export and send from the United

States any merchandise, article and object contrary to any law and regulation of the United States,

that is, Title 13, United States Code, Section 305, as described below:

| Count | Approximate Date | Defendants | Merchandise |
|---|---|---|---|
| 7 | June 22, 2017 | **CARLOS ORLANDO LEDESMA,** **NADIA ESPERANZA LEDESMA,** **and** **OSMANI VALDIVIA PEREZ** | Outboard engines, bearing numbers: F175XB 6P3-X-1002997 F175XB 6P3-X-1005789 T60TER 6C6-L-1018779 F150XA 63P-X-1140558 T60TER 6C6-L-1017894 |

8

| Count | Approximate Date | Defendants | Merchandise |
|---|---|---|---|
| 8 | June 28, 2017 | CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, and OSMANI VALDIVIA PEREZ | Outboard engines, bearing numbers: F250XB 6AL-X-1002609 F300XCA 6CE-X-1014211 F300XCA 6CE-X-1018558 F150XA 63P-L-1057915 F115TLRD 68V-L-1040588 |
| 9 | September 18, 2017 | CARLOS ORLANDO LEDESMA, NADIA ESPERANZA LEDESMA, and ROBERTO MARRERO-CISNEROS | Outboard engines, bearing numbers: F150XA 63P-X-1140634 F150XA 63P-X-1140635 LF300XCA 6CF-X-1007384 F300XCA 6CE-X-1014598 |
| 10 | May 5, 2018 | CARLOS ORLANDO LEDESMA and NADIA ESPERANZA LEDESMA | Outboard engines, bearing numbers: F200XB 6DC-X-1042648 F115XA 68V-X-1042447 F50LB 6C1-L-1051128 F300NCA 6CE-N-1045182 F90XA 61P-X-1055884 F115XA 68V-X-1042248 |

In violation of Title 18, United States Code, Sections 554(a) and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C) and § 982(a)(5)(B))

1.      The allegations in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of a conspiracy to violate, or conviction of a violation, of Title 18, United States Code, Section 553(a)(1), as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

982(a)(5)(B), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation.

3.     Upon conviction of a conspiracy to violate, or a conviction of a violation, of Title 18, United States Code, Section 554(a), as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(5)(B), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____<br>FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO.:

v.

CARLOS ORLANDO LEDESMA, et al.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take   15   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    ☐ 0 to 5 days
   - II   ☐ 6 to 10 days
   - III  ☑ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V    ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                          Case No.

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Moreno                   Case No.   21-CR-20592

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the               District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By:   _____
ANA MARIA MARTINEZ
Assistant United States Attorney
FLA Bar No.   0735167

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **CARLOS ORLANDO LEDESMA**

**Case No:** _____

**Count #:** 1

18 U.S.C. § 371

Conspiracy to Export Stolen Vessel Parts and to Smuggle Goods from the United States
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss resulting from the offense

**Counts #:** 2 – 5

18 U.S.C. § 553(a)(1)

Exporting Stolen Vessel Parts
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss resulting from the offense

**Count #:** 6

18 U.S.C. § 553(a)(1)

Attempting to Export Stolen Vessel Parts
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss resulting from the offense

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **CARLOS ORLANDO LEDESMA**

Case No: _____

Counts #:  7 – 10

18 U.S.C. § 554(a)

Smuggling Goods from the United States
* Max. Term of Imprisonment:   10 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:    3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:     NADIA ESPERANZA LEDESMA

Case No: _____

Count #:   1

18 U.S.C. § 371

Conspiracy to Export Stolen Vessel Parts and to Smuggle Goods from the United States
* Max. Term of Imprisonment:     5 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

Counts #:   2 – 5

18 U.S.C. § 553(a)(1)

Exporting Stolen Vessel Parts
* Max. Term of Imprisonment:   10 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

Count #:   6

18 U.S.C. § 553(a)(1)

Attempting to Export Stolen Vessel Parts
* Max. Term of Imprisonment:   10 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name:      **NADIA ESPERANZA LEDESMA**

Case No: _____

Counts #:    7 – 10

18 U.S.C. § 554(a)

Smuggling Goods from the United States
* **Max. Term of Imprisonment:   10 years as to each count**
* **Mandatory Min. Term of Imprisonment (if applicable):   N/A**
* **Max. Supervised Release:    3 years**
* **Max. Fine:    $250,000 or twice the gross gain or loss resulting from the offense**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name:     **OSMANI VALDIVIA PEREZ**

Case No: _____

Count #:    1

18 U.S.C. § 371

Conspiracy to Export Stolen Vessel Parts and to Smuggle Goods from the United States
* Max. Term of Imprisonment:     5 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

Counts #:    2 – 3

18 U.S.C. § 553(a)(1)

Exporting Stolen Vessel Parts
* Max. Term of Imprisonment:   10 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

Counts #:    7 – 8

18 U.S.C. § 554(a)

Smuggling Goods from the United States
* Max. Term of Imprisonment:     10 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss resulting from the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**     **ROBERTO MARRERO-CISNEROS**

**Case No:** _____

**Count #:**   1

18 U.S.C. § 371

Conspiracy to Export Stolen Vessel Parts and to Smuggle Goods from the United States
* **Max. Term of Imprisonment:**   **5 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   **N/A**
* **Max. Supervised Release:**   **3 years**
* **Max. Fine:**   **$250,000 or twice the gross gain or loss resulting from the offense**

**Count #:**   4

18 U.S.C. § 553(a)(1)

Exporting Stolen Vessel Parts
* **Max. Term of Imprisonment:**   **10 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   **N/A**
* **Max. Supervised Release:**   **3 years**
* **Max. Fine:**   **$250,000 or twice the gross gain or loss resulting from the offense**

**Count #:**   9

18 U.S.C. § 554(a)

Smuggling Goods from the United States
* **Max. Term of Imprisonment:**   **10 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   **N/A**
* **Max. Supervised Release:**   **3 years**
* **Max. Fine:**   **$250,000 or twice the gross gain or loss resulting from the offense**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**